IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No.: **09-cr-30080-MJR** |
| **ORVIL DUANE HASSEBROCK**, | ) | |
| Defendant. | ) | |

## ORDER

**REAGAN, District Judge:**

Pursuant to Federal Rule of Civil Procedure 38(e)(1), Defendant Orvil Duane Hassebrock is before the Court seeking to stay enforcement of restitution pending the outcome of the appeal of his underlying conviction (Doc. 152).

On April 29, 2010, a jury convicted Hassebrock of tax evasion and willful failure to file a tax return, in violation of 26 U.S.C. §§ 7201 and 7203 (Docs. 27, 29 and 31). On September 30, 2010, he was sentenced to consecutive terms of imprisonment totaling 36 months, a 3-year term of supervised release, a $74,000.00 fine, a $125.00 special assessment, and he was ordered to pay restitution to the Internal Revenue Service in the amount of $997,582.19 (Doc. 67). According to the Clerk of Court, as of April 29, 2011, Hassebrock has paid the full special assessment, and $233,147.21 in restitution, and nothing toward the fine.

By Order dated April 29, 2011, the Clerk of Court was directed to apply $10,000.00 posted as bond by Defendant Hassebrock toward any outstanding amounts owed on Hassebrock's restitution and fine. Hassebrock now seeks to stay payment of his restitution, arguing that: (1) the

1

Court erred in ordering restitution for tax offenses; and (2) the amount of restitution could not possibly be calculated properly, as he has not filed a tax return for the year at issue.

The Government opposes staying Defendant Hassebrock's restitution obligation (Doc. 154). The Government acknowledges that offenses under Title 26 of the United States Code are not subject to restitution under 18 U.S.C. §§ 3663 and 3663A. However, the Government asserts that, in accordance with 18 U.S.C. § 3563(b), restitution may be imposed as a discretionary condition of probation and supervised release. As for the amount Hassebrock was ordered to pay as restitution, the Government contends that the amount was properly calculated based on the evidence available at sentencing (and accumulated interest).

Although Hassebrock has challenged the restitution aspect of his sentence on appeal, this Court does not perceive that Hassebrock's appeal will be well taken. Hassebrock correctly notes that restitution is not allowed under 18 U.S.C. § 3663 as part of a sentence for Title 26 tax offenses. *See United States v. Hoover*, 175 F.3d 564, 569 (7th Cir. 1999). However, restitution is not barred, and specifically may be included as a discretionary condition of probation or supervised release, under 18 U.S.C. §§ 3563(b)(2) and 3583(d). Furthermore, "restitution may be imposed if done so as a condition of supervised release in a criminal tax case, even in the absence of a prior definitive determination or adjudication of the amount of taxes owed, and if limited to losses from the crime of conviction." *United States v. Nolen*, 523 F.3d 331, 332-333 (5th Cir. 2008). The Government must prove the loss amount, restitution amount and forfeiture amount by a preponderance of the evidence, and the evidence need only be reliable. **See generally United States v. Ali, 619 F.3d 713, 720 (7th Cir. 2010);*United States v. Segal*, 495 F.3d 826, 837 (7th Cir. 2007); and *United States v. Swanson*, 483 F.3d 509, 516 (7th Cir. 2007).** The Government did so at sentencing.

Federal Rule of Criminal Procedure 38(e)(1) gives the Court discretion to stay a sentence of restitution pending resolution of a defendant's appeal. Nevertheless, Hassebrock has not convinced the Court that his appeal presents a meritorious issue, or otherwise persuaded the Court to stay restitution pending resolution of his appeal. Becasue restitution has been paid to the Internal Revenue Service, in the event the Court has erred, the amounts paid by Hassebrock can be refunded.

**IT IS HEREBY ORDERED** that, for the reasons set forth above, Defendant Hassebrock's motion to stay restitution (Doc. 152) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 20, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**