IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09–cr-30080-SMY |
| | ) |
| | ) |
| ORVIL DUANE HASSEBROCK | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is before the Court for consideration of Defendant Orvil Duane Hassebrock's Motion for Writ of Error Coram Nobis (Doc. 189) and motions for summary judgment (Docs. 191, 192). For the following reasons, the motions are **DENIED**.

On June 17, 2009, a federal grand jury returned a two-count Indictment, charging Hassebrock with one count of tax evasion and one count of willful failure to file a tax return (Doc. 1). Following a jury trial, Hassebrock was found guilty on both charges and sentenced to 36 months of imprisonment, three years of supervised release, a $74,000.00 fine, and was ordered to pay restitution in the amount of $997,582.19 (Doc. 67). Hassebrock filed a direct appeal and his conviction was affirmed by the Seventh Circuit Court of Appeals. *United States v. Hassebrock*, 663 F.3d 906 (7th Cir. 2011). Hassebrock then sought, but was denied, a petition for a writ of certiorari from the Supreme Court of the United States. *Hassebrock v. United States*, 132 S.Ct. 2377 (2012).

In 2012, Hassebrock filed a § 2255 petition asserting ineffective assistance of counsel. *See Hassebrock v. United States*, Case No. 12-cv-736-MJR. This Court entered judgment against him, finding he had not made a substantial showing of the denial of a constitutional right (*Id.* at Doc. 17). The Seventh Circuit denied his request for a certificate of appealability. In the motions currently before the Court, Hassebrock moves to vacate his conviction due to ineffective assistance of counsel, "actually innocence", and other errors that allegedly occurred during trial.

The Seventh Circuit has rejected the use of Writs of Error Coram Nobis as a means of circumventing the procedural bars imposed by motions brought pursuant to § 2255:

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted) (emphasis in original). *See also United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) ("any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion").

Hassebrock alleges his conviction should be vacated because he was denied constitutionally effective assistance of counsel – claims that he asserted in a previous habeas petition and that falls squarely within the scope of § 2255. Thus, the present filings must be treated as § 2255 motions under *Melton*. As these filings constitute successive collateral attacks on his sentence, this Court does not have jurisdiction to entertain the motions absent certification by the

Court of Appeals.  28 U.S.C. § 2255(h); *United States v. Boyd*, 591 F.3d 953 (7th Cir. 2010).

Accordingly, the motions are **DISMISSED** for lack of jurisdiction.

    **IT IS SO ORDERED.**

    **DATED:  May 18, 2020**

                                                **STACI M. YANDLE**
                                                **United States District Judge**